**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-61234-CIV-DIMITROULEAS/ROSENBAUM

ARNOLD ROSEN, Class Representative,
ARTHUR GARTER, JEROME MYER,
SUSAN SADETSKY, JULIE TREGERMAN,
SHIRLEY TROUT, CAROLA ZANELLI, *et al.*,

      Plaintiffs,

vs.

J.M. AUTO, INC., a Florida corporation
d/b/a J.M. LEXUS; SOUTHEAST TOYOTA
DISTRIBUTORS, L.L.C, a Delaware corporation,
J.M. FAMILY ENTERPRISES, INC., a Florida
corporation, LEXUS U.S.A., TOYOTA MOTOR
SALES U.S.A., INC., a California corporation,

      Defendants.

_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL VIN NUMBERS AND**
**PLAINTIFF'S MOTION TO EXPEDITE CLASS NOTICE**

This matter is before the Court on Plaintiffs' Motion to Compel [D.E. 160] and Plaintiffs'

Motion to Expedite Class Notice [D.E. 175] pursuant to an Order of Reference entered by the

Honorable William P. Dimitrouleas. [D.E. 177].  The Court has carefully reviewed the Motions,

Responses, and Plaintiffs' Reply to the Motion to Compel.  The Court has also heard oral argument

from counsel at a hearing held on April 8, 2009.  Accordingly, this matter is now ripe for disposition.

After fully considering the parties' arguments, the Court finds that Plaintiffs' Motion to Compel

should be granted in part and denied in part, and Plaintiffs' Motion to Expedite Class Notice should

be denied.

## *BACKGROUND*

The underlying matter involves an action for damages arising out of an alleged design defect in the occupant classification system ("OCS") and passenger airbag system in the Lexus ES 350. Plaintiffs filed suit in state court in July of 2007, but Defendants subsequently removed the action to federal court. The Complaint alleges violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), as well as breach of express and implied warranties. It further seeks equitable and injunctive relief. [D.E. 1]. In so doing, the Complaint seeks class action relief on behalf of each of the nine named Plaintiffs, as well as all other owners and lessees of a 2007 Lexus ES 350 who purchased or leased the vehicle in Florida.

In September of 2008, Plaintiffs served Defendants with a Third Request for Production that included a request for the names, addresses, and VIN numbers of all individuals who purchased and/or leased a 2007 Lexus ES 350 in the State of Florida (Request No. 3). *See* D.E. 58-3 at p.4. Upon receiving the discovery request, Toyota Motor Sales U.S.A., Inc. ("TMS"), objected to Request No. 3 on a number of grounds, including that the Request was premature because the Court had not yet considered and granted a motion for class certification. *Id.* After Plaintiffs reviewed the objections, in November of 2008, Plaintiffs filed a Motion to Compel Better Responses to their Third Request for Production (the "Original Motion"). [D.E. 58]. Both parties briefed the issues presented in the Original Motion, and the Court heard argument from the parties.

Ultimately, the Court issued an Order denying the Original Motion as it related to Request No. 3. [D.E. 73]. As noted in the Order, the Court found that the request was aimed primarily at discovering the identities of potential class members. *Id.* Hence, the Court declined to compel the information sought in Request No. 3, citing governing case law that states that a plaintiff is not entitled to pre-certification discovery of identifying information of prospective class members for

class notice purposes. *Id.*

Approximately one month later, on January 26, 2009, the Court entered an Order granting in part Plaintiff's Motion for Class Certification. [D.E. 104]. Specifically, the Court granted the Motion for Class Certification as it related to Plaintiffs' claims for breach of express and implied warranties, as well as their claims for declaratory and injunctive relief. The Court, however, denied the motion as it related to Plaintiffs' claims brought pursuant to the FDUTPA.[1] The Order further directed Plaintiffs to file their proposed notice to class members for approval by the Court by no later than February 9, 2009, and afforded Defendants until February 20, 2009, to object to the proposed notice. Plaintiffs and Defendants have since complied with the Order. *See* D.E. 128 and 139. Specifically, on February 9, 2009, Plaintiffs filed their Motion to Approve Notice to Class Members [D.E. 128], and on February 19, 2009, Defendants filed their Memorandum in Opposition to Plaintiffs' Motion. [D.E. 139].

Subsequent to the Court's issuance of its Order Granting Plaintiffs' Motion for Class Certification, both parties filed Motions for Reconsideration. [D.E. 119 and 120]. Plaintiffs' Motion seeks for the Court to reconsider its decision to exclude their FDUTPA claims from class certification. On the other hand, among other things, Defendants contend that at the time it ruled on the Motion for Class Certification, the Court did not have the benefit of certain post-motion discovery. As Defendants argue that this discovery militates strongly against class certification, their Motion for Reconsideration acts as a motion to de-certify the Class.

---

[1]    In its Order, the Court certified a class consisting of: (a) a Class of every owner or lessee of a 2007 Lexus ES 350 who purchased or leased a vehicle in Florida; including two subclasses: (b) Subclass I of every member of the Class whose lease agreement contained arbitration provisions; and (c) Subclass II of every member of the Class whose lease agreement contained no arbitration provision. D.E. 104 at p.19.

Defendants have also since filed a Consolidated Motion for Summary Final Judgment ("Motion for Summary Judgment") in which they argue that they are entitled to judgment as a matter of law. [D.E. 125] Finally, Defendants filed a Motion to Stay Issuance of Notice to Class Pending Resolution of the Parties' Motions for Reconsideration and Defendants' Consolidated Motion for Summary Judgment ("Motion to Stay"). [D.E. 147]. The Motion to Stay seeks for the Court to stay the publication and/or the issuance of any class notice in the action pending the resolution of both parties' Motions for Reconsideration and Defendants' Motion for Summary Judgment. These motions are currently pending.

The motions now before the Court are Plaintiffs' Motion to Compel [D.E. 160] and Motion to Expedite Class Notice. [D.E. 175]. The Motion to Compel seeks for the Court to compel Defendants to produce the documents previously requested in Request No. 3 (*i.e.*, the names, addresses, and VIN numbers of all individuals who currently own or lease a 2007 Lexus ES 350 purchased or leased in the State of Florida). Thus, as a practical matter, the motion now before the Court should be viewed as one that relates back to Plaintiff's Original Motion to Compel regarding Request No. 3, or a "renewed" motion to compel. The Court will address each motion in turn.

### *DISCUSSION*

#### A.   Plaintiffs' Motion to Compel

In their Motion to Compel, Plaintiffs contend that the information responsive to Request for Production No. 3 (*i.e.*, the names, addresses, and VIN numbers of all individuals who purchased and/or leased a 2007 Lexus ES 350 in the State of Florida) is necessary so that they may "begin the process of gathering the names of class members in order to comply with Fed. R. Civ. P. 23 requiring that all Class Members be provided with notice as soon as practicable." D.E. 160 at 2. Plaintiffs recognize that the Court previously denied their request for this information, but now argue that as

a result of the Court's granting of their Motion for Class Certification, Plaintiffs are entitled to the information sought in Request No. 3. During the April 8, 2009, hearing on the matter, Plaintiffs' counsel also argued that the information sought is discoverable on Rule 26 relevance grounds because anyone who has owned or leased the specific model is an important witness to the case. More particularly, Plaintiffs contend that they require the list of customers to determine whether any of these individuals noticed a problem with the OCS and passenger airbag system, but did not file a complaint.

Defendants argue that the Court should deny Plaintiffs' Motion to Compel for three reasons. First, they contend that TMS has made it clear to Plaintiffs that it does not have a complete list that includes the names and addresses of **current** owners and/or lessees of 2007 Lexus ES 350s, which, according to the Court's Order, are the only consumers encompassed in Plaintiff's class definition.[2] In this regard, Defendants emphasize that TMS's internal data relating to change in ownership or lessee is limited.[3] In essence, Defendants contend that they do not have the information requested by Plaintiffs.

Second, Defendants point out that although they do not have a complete list of current owners and lessees of the pertinent model, they have already employed a third-party vendor (R.L. Polk) to generate a list of these owners and lessees. Defendants indicate that they have informed Plaintiffs that they will provide Garden City, the class administrator selected by Plaintiffs (and the entity who

---

[2]   Defendants note that in its Order granting the Motion for Class Certification, the Court "made it clear that the class Plaintiffs were pursuing and which it was certifying only includes current owners and/or lessees of the 2007 Lexus ES350, [but] did not included former owners and/or lessees." D.E. 168 at 2.

[3]   Defendants state that TMS typically receives only the names and addresses of the original purchasers and/or lessees of the vehicles from the selling and/or leasing dealers.

will be responsible for mailing out class notices), with a list of prospective putative class members.[4]

Defendants contend that these class members are individuals who currently own or lease 2007 Lexus ES 350s in the State of Florida. However, the provision of the list to the class administrator is premised upon two "pre-conditions:" (1) TMS and R.L. Polk will require a reasonable amount of time to assemble the list that R.L. Polk will generate from applicable VIN numbers provided by TMS; and (2) Defendants insist that the class administrator execute the existing Confidentiality Agreement, which protects against the disclosure of any commercially sensitive information.

At the time that Defendants filed their Response to the Motion to Compel, they were not aware of how long it would take for R.L. Polk to complete the class list. Since the hearing, however, Defendants have filed a Notice of Filing Supplemental Authority Relating to Plaintiffs' Second Motion to Compel ("Supplement"). [D.E. 180]. In their Supplement, filed on April 9, 2009, Defendants indicate that R.L. Polk estimates that it will require fifteen (15) working days to complete the list of current owners and/or lessees of the subject vehicles and that it will cost approximately $3,740 to complete the list.[5] Thus, according to Defendants, R.L. Polk estimates that it will complete the class list by April 30, 2009.

Finally, Defendants emphasize that all discovery in this action was to be completed prior to January 9, 2009, and that deadline passed prior to a ruling on Plaintiff's Motion for Class

---

[4]    During the hearing on the matter, however, Defendants suggested that the class list should not be provided to Plaintiffs until after the Court disposes of the pending Motions for Reconsideration, Plaintiffs' Motion to Approve Class Notice, and Defendants' Motion for Summary Judgment. Defendants' position is more specifically memorialized in its pending Motion to Stay issuance of Notice to Class. [D.E. 147].

[5]    Defendants argue that Plaintiffs should bear the cost of R.L. Polk's initial work, but should not be entitled to the preliminary class list if the Class Certification Order or the scope of the Notice to the class changes.

Certification.  In this regard, Defendants argue that Plaintiffs have no need for the requested information now that the discovery cut-off has passed and they have a class administrator who will be responsible for coordinating any class notification.  Moreover, Defendants contend that notwithstanding the above arguments, Plaintiffs should only be entitled to receive the information it seeks if they agree to pay the costs associated with having R.L. Polk generate the list and further agree that the list will be deemed confidential.

### 1.     Timeliness of Motion to Compel

The Court first addresses Defendants' argument that the Motion to Compel is untimely because the discovery cut-off has passed.  It is true that the Court's Local Rules require that any discovery must be served and completed by the discovery cut-off that governs the particular case.  As explained in the Court's Discovery Practices Handbook, Appendix A to the S.D. Fla. Local Rules, each judge in this District follows the rule that "all discovery must be completed" by the cut-off date.  Thus, "interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond.  Untimely discovery requests are subject to objection on that basis."  S.D. Fla. L.R. Gen. App. A.I.E.1 (Discovery Completion).  Here, Defendants contend that because the Motion to Compel was filed well after the discovery deadline had passed, the Motion is untimely.  The Court disagrees.

The Court first acknowledges that pursuant to the Scheduling Order issued in this case, all discovery was to be completed prior to January 9, 2009.  As announced during the April 8, 2009, hearing, however, the unique circumstances of this case require the Court to find that the Motion should not be denied as untimely.  Plaintiffs filed their Original Motion to Compel the same information currently sought in December of 2008 – before the discovery period had expired.  The Court specified at the time it denied the Original Motion to Compel a response to Interrogatory No.

3 that it was denying the Original Motion primarily because the Court had not yet certified the matter as a class action. Approximately two weeks after the discovery period expired, however, the Court certified the class. The Motion now before the Court relates back to the Original Motion because it seeks to compel the same information as the Original Motion, which was denied in November primarily for procedural, as opposed to substantive, reasons. Now that the procedural hurdle has been cleared, in view of the fact that the Original Motion was filed timely, the Court finds that the instant motion should not be barred as untimely.

**2.      Substantive Need for Discovery Based on Rule 26 Relevance Standard**

As noted above, during the April 8, 2009, hearing on the Motion to Compel, Plaintiffs' counsel argued that the information sought in Request No. 3 was discoverable on Rule 26 relevance grounds because anyone who has owned or leased the subject vehicle is an important witness to the case. More particularly, Plaintiffs asserted that they need the list of customers to determine whether any of these individuals noticed a problem with the OCS and passenger airbag system. Plaintiffs contend that these individuals are important witnesses who may testify at trial.

In response, counsel for Defendants argued at the hearing that the predominant reason that Plaintiffs seek the identities of the owners of the subject vehicles is for class notification purposes. Counsel also pointed out that Plaintiffs previously argued entitlement to the information on the same substantive grounds during the prior hearing. Defendants emphasized that after consideration of the relevance standard, although the Court rested its ruling ultimately on the lack of certification of a class at the time of the Original Motion, the Court, nevertheless, also rejected the substantive grounds raised in the Original Motion. Defendants contend that because the argument was already considered and denied by the Court, Plaintiffs should not be able to reassert an identical argument.

After hearing argument from counsel, the Court announced that it would review the grounds previously asserted by Plaintiffs during the hearing on the Original Motion to Compel. The Court has now reviewed the transcript of the prior hearing and has determined that Plaintiffs did, in fact, raise the identical relevance argument during that hearing. Specifically, Plaintiffs' counsel contended that the information sought in Request No. 3 is relevant because the individuals whose identities would be disclosed by a response to the request are "potential witnesses who experienced defects and can talk about the manifestation of the defect and the reality that it exists in their vehicles." *See* D.E. 133 at p. 29. In response to counsel's explanation, the Court stated,

> I understand what you're saying . . . . But I think that really when you look at this particular request, that the heart and soul of this request is aimed at discovering the identity of the class members.
>
> While it may have another purpose, the other purpose is so secondary to it as to render it almost nonexistent, especially in view of the fact that I am compelling the other complaints. So you will have access to all complaints relating to this system.
>
> So for that reason at this particular time I will deny the Motion to Compel as it relates to Request Number Three. If the Motion for class certification is granted then, of course, that would be a different story. But unless and until such time I will be denying the Motion to Compel as it relates to Request Number Three.

*See* D.E. 133 at pp.30-31.

Likewise, the Order on the Original Motion memorialized the ruling announced by the Court from the bench. Indeed, the prior Order made it clear that the Court "found that the request was aimed primarily at discovering the identity of potential class members. And although a secondary purpose of discovery is to discern witnesses to the alleged defect at issue, the Court found this purpose to be minimal at best, in view of the only 35 complaints nationally regarding the OCS system." *See* D.E. 73 at p. 6-7.

After reviewing the transcript of the prior hearing, as well as the Court's Order on the Original Motion, the Court will deny Plaintiffs' Motion to Compel, at least as it relates to Plaintiffs' arguments raised under the Rule 26 relevance standard.  Plaintiffs raised the same grounds previously and the Court denied the motion for the reasons set forth above.  Plaintiffs have not asserted a basis for concluding that the Court's earlier reason was erroneous.

### 3.     Need for Discovery to Effectuate Class Notice

The Court now considers Plaintiffs' Motion to Compel in light of Plaintiffs' argument that the names, addresses, and VINs of all individuals who purchased and/or leased a 2007 Lexus ES 350 in the State of Florida are necessary so that Plaintiffs may "begin the process of gathering the names of class members in order to comply with Fed. R. Civ. P. 23 requiring that all Class Members be provided with notice as soon as practicable." D.E. 160 at 2.  In raising the instant motion,  Plaintiffs recognize that the Court previously denied their request for this information, but emphasize that the denial was based on the fact that the Court had not yet granted Plaintiffs' Motion for Class certification.  Because the Court has since granted their Motion for Class Certification, Plaintiffs contend that they are entitled to the information sought in Request No. 3 – the names of the putative class members.

The Court agrees with Plaintiffs and will grant the Motion to Compel as it relates to Request No. 3.  The fact that the Court has certified a class is a key element that was missing when Plaintiffs first presented their Original Motion.  Because the Court has certified a class, Plaintiffs are now entitled to a class list so that they may send out the class notice, once approved by the Court. Defendants do not seem to contest the fact that Plaintiffs are entitled to the information, but instead, disagree on the time frame within which Plaintiffs should obtain the information.  Defendants argue that due to the circumstances, they should be provided ample time to allow R.L. Polk to compile the

class list.  Additionally, Defendants assert that Plaintiffs should not receive the class list until the

Court has ruled on the pending Motions for Reconsideration, Motion to Approve Class Notice, and

Motion for Summary Judgment.  Finally, Defendants urge that Plaintiffs should pay for the costs

associated with R.L. Polk's time and that the class list should be subject to the Confidentiality

Agreement entered by the Court.

While the Court acknowledges that other pending motions may change the status of the

lawsuit, the fact is, this matter is currently certified as a class action.  Accordingly, the undersigned

will proceed in  determining the Motion to Compel in light of the current posture of case, in an effort

to avoid delaying the parties from litigating their claims.  Indeed, as noted during the hearing, when

the class was certified by the Court in late January of this year, Defendants should have proceeded

to work on compiling the class list.  And, although the parties have since filed motions that may

fundamentally alter the status of Plaintiffs' claims, litigation should not come to a standstill unless

and until the Court enters an Order granting a motion to stay.

Having found that Plaintiffs are entitled to the information sought, at least as it relates to the

current owners of the subject vehicles, the Court will proceed with the details of Defendants'

production of the class list.  First, the Court will address Plaintiffs' concerns that relate to the

meaning of the term "current" owners and/or lessees of the 2007 Lexus ES350, as used by the Court

in its Order Granting Class Certification.  Plaintiffs contend that every day that goes by may

effectively exclude certain owners of the subject vehicle from the class due to expiration of these

owners' lease terms.  For this reason, Plaintiffs seek for the Court to clarify the term "current."  The

Court finds that fairness dictates that "current" means any owner or lessee of the subject vehicle as

of the date of class certification – January 26, 2009, at least for discovery purposes.  Accordingly,

Defendants must include any individuals that either owned or leased the subject vehicle as of January

11

26, 2009.

Next, the Court will address the time frame in which Defendants must produce the class list. In their April 9th Supplement, Defendants indicated that the class list should be completed by R.L. Polk within fifteen business days, or by April 30, 2009.  Considering that R.L. Polk's work will entail the review of more than 13,000 names, addresses and VINs, the Court does not find the requested amount of time to produce the list to be unreasonable.  Thus, Defendants must produce the class list by April 30, 2009, but only if the Class Notice has been approved by the Court at that time.  If the Class Notice has not been approved by April 30, 2009, Defendants must produce the class list within one business day following the Court's approval of the Class Notice.  Thus, for production of the class list to be triggered, it must be both April 30, 3009, or later, **and** the Court must have ruled on and approved the class notice.  In granting the Motion to Compel, the Court finds that Plaintiffs are entitled to the class list for the purpose of sending out the class notice.  It follows then, that Plaintiffs do not need the class list until the class notice is approved by the Court.[6]

The Court now turns to the payment of the costs associated with R.L. Polk's efforts to complete the class list.  Defendants argue that Plaintiffs should bear the costs associated with R.L. Polk's work compiling the class list.  At the time of the April 8, 2009, hearing, however, defense counsel was not aware of the precise cost associated with R.L. Polk's work.  During the hearing, the Court announced that its review of the case law confirmed that a plaintiff must bear the cost of compiling the class list.  When the Court asked Plaintiffs' counsel if he was aware of any law to the contrary, he conceded that he was not.  Counsel also stated that he did not have a problem bearing

---

[6]    To the extent that after entry of this Order the Court renders any rulings on the additional pending motions that affect the viability of the class action or the practicality of the schedule for production of the class list set forth above, if appropriate, the parties can petition the Court for relief.

the costs associated with R.L. Polk's compilation of the class list.

Based on the controlling case law and Plaintiffs' agreement to pay for the costs associated with completing the class list, the Court will direct Plaintiffs to reimburse Defendants for the costs expended with respect to R.L. Polk's work. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) (Court found that it was an abuse of discretion to require defendants to bear expense of identifying class members where plaintiffs could obtain information by paying third party agent same amount which defendants would have to pay); *In re Nissan Motor Corp. Antitrust Litigation v. Nissan Motor Company, Ltd.*, 552 F.2d 1088 (5th Cir. 1977) (in its discretion, court required representative plaintiffs to compile list of the class members at their own expense); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (plaintiff was required to bear cost of notice to members of class). In their Supplement, Defendants indicate that it will cost approximately $3,740 for R.L. Polk to complete the class list. Hence, Plaintiffs shall pay the $3,740 associated with R.L. Polk's compilation of the class list.

Finally, Defendants argue that Plaintiff's administrator, Garden City, should be required to execute the existing Confidentiality Agreement and Order, which, according to Defendants, will serve to maintain the confidentiality of the class list as commercially sensitive information. *See* D.E. 168 at p. 4-5. Plaintiffs contend that if Defendants deem the information to be confidential in nature, Defendants must move for the entry of a confidentiality order. At this point, the Court will deny Defendants' request that the class list be subject to the Confidentiality Agreement. There is simply not enough information in the record to determine whether the information constitutes a trade secret or other sensitive information which must be made subject to protection. The Court will deny Defendants' request without prejudice for them to renew the request, provided Defendants are able to supply the Court with adequate factual and legal support.

B.       **Plaintiffs' Motion to Expedite Class Notice**

Plaintiffs also filed a Motion to Expedite Class Notice [D.E. 175], which was referred to me

for disposition.  In the Motion to Expedite, Plaintiffs seek for the Court to expedite the distribution

of the class notice by allowing a two-part distribution method.  Asserting that the Court may approve

the class notice before the complete list of current owners of leasees may be identified, Plaintiffs

suggest that the first notice to class members take place immediately upon approval of the class

notice.  According to Plaintiffs, the initial distribution would be sent to all class members of whom

the parties are aware.  Plaintiffs then propose that a subsequent notice be sent to class members on

a "rolling basis" and that it include class members of whom the parties are not currently aware.  The

Motion to Expedite was filed as a result of the fact that Defendants indicated that they intended to

utilize the services of a third-party vendor to gather the names and addresses of the putative class

members, but were not certain how long the process would take.  Plaintiffs argue that the bifurcated

notice process would decrease any delay in the distribution of the class notice.

At the time of the filing of the Motion to Expedite, Defendants had not revealed to Plaintiffs

the amount of time that it would take to assemble the class list.  As such, the Court acknowledges

the reasons that Plaintiffs deemed it necessary to file the Motion to Expedite.  It is now clear,

however, based on Defendants' Supplemental filing, that R.L. Polk anticipates completing the class

list in the very near future – by April 30th.  Thus, the Court finds that there is no need to bifurcate the

class notice or otherwise direct the class notices to go out on a "rolling basis."  This is true

particularly since there is not now an approved class notice.  Because the parties now know that the

class list will be completed by the end of the month, the Court will deny Plaintiffs' Motion to

Expedite and deny the request to send out the class notices on a rolling basis.

*CONCLUSION*

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel

[D.E. 160] is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion to Expedite

Class Notice [D.E. 175] is **DENIED** in accordance with the terms of this Order.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 17th day of April, 2009.


                                     ROBIN S. ROSENBAUM
                                     United States Magistrate Judge


cc:      Honorable William P. Dimitrouleas
          Counsel of Record