UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61234 - CIV - DIMITROULEAS

ARNOLD ROSEN, Class Representative;
ARTHUR GARTER; JEROME MYER;                Magistrate Judge Snow
SUSAN SADETSKY; MILLIE SCHWARTZ;
SHIRLEY TROUT; CAROLA ZANELLI; et al.,

      Plaintiffs,
vs.

J.M. AUTO INC, a Florida Corporation,
d.b.a. J.M. LEXUS; SOUTHEAST
TOYOTA DISTRIBUTORS L.L.C.,
a Delaware Corporation; J.M. FAMILY
ENTERPRISES INC., a Florida Corporation;
LEXUS U.S.A.; TOYOTA MOTOR SALES
U.S.A. INC., a California Corporation,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE DENIAL OF CLASS CERTIFICATION ON PLAINTIFFS' FDUTPA CLAIMS

THIS CAUSE is before the Court upon the Plaintiffs' Motion for Reconsideration of the Denial of Class Certification on Plaintiffs' FDUTPA Claims [DE 120] filed on February 3, 2009. The Court has carefully considered the Motion, the Defendants' Response [DE 137], the Plaintiffs' Reply [DE 149], and is otherwise fully advised in the premises.

On January 26, 2009, this Court granted in part and denied in part the Plaintiffs' Motion for Class Certification. [DE 104]. Plaintiffs seek for this Court to reconsider its denial of class certification for their FDUTPA claims. As grounds for reconsideration, Plaintiffs make several arguments. Most important among these arguments is that this Court misapplied Florida law to

the facts of this case.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal citations omitted).  Three major grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. (citing Office Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); Sussman v. Salem Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla 1994)).  For a court to reconsider its prior judgment the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision.  Id. (citing Sussman, 153 F.R.D. at 694).

In this Court's Order, we stated that "[t]here is currently a split in authority among Florida courts as to whether a showing of reliance by the consumer is necessary for certification of a class with a FDUTPA claim." [DE 104].  As authority to indicate that there was a split, we cited Black Diamond Properties, Inc. v. Haines, Phillip Morris USA Inc. v. Hines, and  Davis v. Powertel Inc., while disagreeing with the conclusions of the latter case.  Davis v. Powertel Inc. specifically found that "proof of reliance is unnecessary" to maintain a FDUTPA action.  776 So. 2d 971, 975 (Fla. 1st DCA 2000).  Black Diamond and Phillip Morris both questioned whether Powertel properly considered the causation element of a FDUTPA action. Black Diamond, 940 So. 2d 1176, 1179 n.1 (Fla. 5th DCA 2006); Phillip Morris, 883 So.2d 292, 294 (Fla. 4th DCA 2003).  We also cited Pop's Pancakes, Inc. v. NuCO2, Inc. as a case in which this Court had expressed disapproval of Powertel.  Pop's Pancakes, Inc. v. NuCO2, Inc., 251 F.R.D. 677, 686-

87 (S.D. Fla. 2008).

Having again reviewed the case law from the Florida District Courts of Appeal and our own Court regarding the need to show reliance in a FDUTPA claim, we find that our previous Order was in error. While Black Diamond and Phillip Morris both criticized Powertel, both also distinguished the case such that neither needed to specifically rule whether reliance was as element of a FDUTPA claim. Black Diamond, 940 So. 2d at 1179; Phillip Morris, 883 So.2d at 294. Both found other circumstances in the cases created individual issues that would predominate over the common issues. Black Diamond, 940 So. 2d at 1179 (each plaintiff needed to demonstrate that a misrepresentation occurred and actually caused damage); Phillip Morris, 883 So.2d at 294 (common issues did not predominate over individual issue of whether each plaintiff actually bought "light" cigarettes for the allegedly deceptive health-related claims). Other Florida cases have also ruled that reliance is not an element of a FDUTPA claim. Egwuatu v. South Lubes, Inc., 976 So. 2d 50, 52 (Fla. 1st DCA 2008)[1]; Turner Greenberg Assocs. v. Pathman, 885 So. 2d 1004, 1009 (Fla. 4th DCA 2004) (ruling that individual showings of reliance are not necessary in FDUTPA class actions, and not mentioning the Fourth DCA's earlier questioning of Powertel in Phillip Morris); Latman v. Costa Cruise Lines, N.V., 758 So. 2d 699, 703 (Fla. 3rd DCA 2000). Finally, although Judge Graham of this Court expressed disapproval of Powertel in Pop's Pancakes, he found that class certification was inappropriate regardless of whether reliance was a necessary element. 251 F.R.D. 677, 686-87. Earlier,

---

[1] Defendants argue that this case limited Powertel to its facts. However, the court in Egwuatu unequivocally stood behind its decision that reliance is not an element of a FDUTPA claim. 976 So. 2d at 53 n.1. The court did distinguish Powertel because Egwuatu involved individual issues of each customer's knowledge of whether a fee was a tax, and ultimately denied class certification. Id. at 53.

however, Judge Altonaga of this Court specifically held that reliance was not an element of a FDUTPA claim and cited <u>Powertel</u> in support. <u>Gold Coast Racing, Inc. v. The Home Depot USA, Inc.</u>, 2006 WL 4579688 *2 (S.D. Fla. 2006).

Furthermore, the nature of this claim is more in line with the facts of <u>Powertel</u> than it is with <u>Black Diamond</u> or <u>Phillip Morris</u>. <u>Powertel</u> concerned the failure to disclose a characteristic of a product that reduced the product's overall value (i.e., that the mobile phones at issue were programmed to work only with the defendant's wireless network). 776 So. 2d at 972. While Plaintiffs have alleged affirmative misrepresentations, they have also alleged that the Defendants failed to disclose a characteristic of the product (i.e., the alleged OCS defect in the 2007 Lexus ES 350s) that would reduce the product's overall value. Both <u>Black Diamond</u> and <u>Phillip Morris</u> are distinguishable from this case. <u>Black Diamond</u> was a case of "500 separate oral contract transactions" that would require the testimony of each plaintiff. 940 So. 2d at 1178-79. The court in <u>Phillip Morris</u> ruled that the case was unsuitable for class certification because individual issues of whether the smoker purchased the "light" cigarettes for health value or taste value, and whether the smoker used the cigarettes in a way that would negate the health benefits of light cigarettes. 883 So. 2d at 295. Neither situation exists in this case. The alleged deceptive or unfair trade practice is the failure to disclose a defect; Defendants deny that there is any defect and do not argue that they ever made any disclosure of one. Thus, whatever differences there may have been in the affirmative representations made, the common issues necessary to maintain Plaintiffs' FDUTPA claims would still be present and would predominate over the individual issues.

Defendants argue that this Court "must decide the case the way it appears the state's

highest court would." Ernie Haire Ford, Inc. v. Ford Motor Co., 260F.3d 1285, 1290 (11th Cir. 2001). Because the Supreme Court of Florida has not ruled on whether reliance is an element of a FDUTPA claim, we are to make an "educated guess" as to how the Supreme Court of Florida would rule. Shapiro v. Associated Int'l Ins. Co., 899 F.2d 1116, 1119 (11th Cir. 1990). Defendants argue that it was within our prerogative to find that the Supreme Court of Florida would have ruled that reliance was an element.[2] We agree that it was within our prerogative to come to make an educated guess as to how the Supreme Court of Florida would rule. Nevertheless, having again reviewed the case law of Florida and this Court, we find that it was clear error to have ruled that reliance is an element of a FDUTPA claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Reconsideration of the Denial of Class Certification on Plaintiffs' FDUTPA Claims [DE 120] is hereby **GRANTED**;

2. The portion of this Court's January 26, 2009 Order [DE 104] denying class certification to Plaintffs' claims under FDUTPA is hereby **VACATED**;

3. The Court hereby certifies the class defined in our previous Order [DE 104] for Plaintiffs' FDUTPA claims (Counts IV, VIII, XII, XV, XIX), and the class remains certified for Plaintiffs' claims of breaches of express and implied warranties and for injunctive and declaratory relief (Counts I, II, III, V, VI, VII, IX, X, XI, XIII, XIV, XVI, XVII, XVIII, XX).

---

[2] Defendants also emphasize the language of FDUTPA: "In any action brought by a person *who has suffered a loss as a result of a violation of this part*, such person may recover actual damages." Fla. Stat. §501.211(2) (Defendants' emphasis). We find that this language clearly requires causation; however, reliance and causation are not the same.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 22th day of May, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record